# N. Y. SUPERIOR COURT.

## WILLIAM H. KNOEPPEL agt. KINGS COUNTY FIRE INSURANCE COMPANY.

### *Injunction to prevent removal of signs.*

In reference to the plaintiff's right to place his sign in a particular locality at the entrance of the rear offices leased to and occupied by him, where his lease contains no privilege or direction on the subject, he cannot arbitrarily claim the right to place his sign in a particular locality selected by him, and the continuance of an injunction thus protecting him.

He should exhaust the means of an amicable arrangement within his reach with the other tenants and the landlord before coming to a court of equity in such a case.

*Special Term, June,* 1874.

MOTION by plaintiff to continue an injunction.

*Sullivan, Kobbe & Fowler,* for plaintiff.

*Rodman & Adams,* for defendant.

VAN VORST, *J.* — A continuation of this injunction would be an adjudication substantially that the plaintiff is entitled to place his signs on the east side of the doorway, and in the manner claimed by him, and likewise on the water-table.

The lease to the defendants bears date on the tenth day of February and contains a clause " that the one-third at least of the front water-table on Liberty street is reserved for signs for the tenants of the rear offices, and such amicable arrangement for signs on the side entrance as may be agreed for."

The plaintiff in his complaint claims that, before the lease was executed to him of the rear offices, the agent of the landlord had agreed that he might place his sign on the east side of the doorway, and approved of the style of sign which he subsequently adopted.

Knoeppel agt. Kings County Fire Insurance Co.

But the lease to the plaintiff, which was executed two days after the lease was made to the defendants, contains no such privilege, and is entirely silent on the subject of signs or their location.

The lease itself must control, and the plaintiff can have no exclusive right to place a sign on the east side of the entrance, especially since the subject of the location of signs was left open by the terms of the previous lease, made by the landlord to the defendants, in which the disposition of signs was to be amicably arranged. Any understanding between the plaintiff and the agent of the landlord must be considered as merged in the lease subsequently made to him by the landlord himself, and which contains no special privilege or right to the plaintiff. If his lease was wrong the same should have been reformed.

The plaintiff cannot arbitrarily claim the right to place his sign on the east side.

The defendants, as appears by the affidavits, offered to enter into an arrangement on the subject, but plaintiff refused all negotiation, claiming, as absolute right, the east side of the entrance. Under such circumstances I do not consider it proper to continue this injunction. The parties must mutually and amicably agree as to where their signs shall respectively be placed at the entrance. If not it must be determined, on the hearing, as to the right of the parties.

Before coming to a court of equity, in a case of this kind, the plaintiff should have exhausted the means of an amicable arrangement within his reach and evidently contemplated.

It should be remarked that the agent of the landlord denies that he made any arrangement with the plaintiff, other than that contained in his lease, or that he has modified or changed the same. At the same time the defendant, whose lease was just executed, has no exclusive right ; but before locating his signs was obliged to make an amicable arrangement with the later tenants of other parts of the premises.

Motion to continue injunction denied.